1

2    **So Ordered.**         _Frederick P. Corbit_

3                                                 **Frederick P. Corbit**
                                                  **Bankruptcy Judge**

4    **Dated: August 5th, 2014**

5

6

7

8

9

10              UNITED STATES BANKRUPTCY COURT

11       IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

12   In re:                           No.: **13-03919-FPC11**

13   **EVERGREEN HEMATOLOGY &**       Chapter **11**
     **ONCOLOGY, P.S.,**
14                                    **FINDINGS OF FACT**

15        Debtor.

16

17        **THIS MATTER** coming before the Court for hearing in open Court on May 29,

18   2014, and continuing on August 4, 2014, upon the issues raised by Debtor's request for

19   confirmation of Debtor's Plan of Reorganization filed herein on January 30, 2014 *[Docket*

20   *No. 138]*, as supplemented pursuant to the Supplement to Plan of Reorganization filed on

21   May 22, 2014 *[Docket No. 231]*, and as amended pursuant to the Plan Amendment filed

22   herein on June 19, 2014 *[Docket No. 251]* (collectively the "Plan"), and based upon the

23   evidence produced, the Court now makes the following:

24

25

Findings of Fact-1

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

# FINDINGS OF FACT

1.     The Debtor's Plan was submitted to Creditors and other parties in interest;

2.     The Plan has been accepted in writing by the Creditors and equity security holders whose acceptance is required by law;

3.     The provisions of Chapter 11 of the United States Code have been complied with and the Plan has been proposed in good faith and not by any means forbidden by law;

4.     (a) Each holder of a claim or interest has accepted the Plan or will receive or retain under the Plan property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Code on such date, or (b) the Plan does not discriminate unfairly, and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted the Plan;

5.     All payments made or promised by the Debtor or by a person issuing securities or acquiring property under the Plan or by any other person for services or for costs and expenses in, or in connection with, the Plan and incident to the case, have been fully disclosed to the Court and are reasonable and are hereby approved, or, if to be fixed after confirmation of the Plan, will be subject to approval of the Court;

6.     Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtor, or (b) if the Plan is a plan of liquidation, the Plan sets a time period in which liquidation will be accomplished, and provides for the eventuality that the liquidation is not accomplished in that time period;

Findings of Fact-2

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

13-03919-FPC11   Doc 281   Filed 08/05/14   Entered 08/06/14 12:57:17   Pg 2 of 4

7.      Pursuant to the Plan, the following acts or events constitute substantial consummation of the Plan: sixty (60) days following Confirmation, provided that Debtor has paid all installments provided by this Plan to be paid within that time;

8.      Creditors were given Notice of Confirmation and no objections thereto were made, except for the Objection to Confirmation filed by McKesson Medical-Surgical and McKesson Specialty Care Distribution Corporation (collectively "McKesson")) *[Docket No. 228]*, McKesson's Objection to Supplement to Plan of Reorganization *[Docket No. 234]*, and McKesson's Second Supplemental Objection to Plan Amendment *[Docket No. 271]* which are hereby overruled;

9.      The Court finds that the Debtor provides a unique and important service to Eastern Washington.  All parties, including McKesson, recognize that Dr. Stephen Anthony and the Debtor have provided excellent medical care. Additionally, Creditors and Dr. Stephen Anthony expect that this high standard of medical care will continue. Dr. Stephen Anthony is a credible witness;

10.     The Court further finds that some additional capital would be an advantage to the Debtor, and that the Debtor would be better off if there was $15,000.00 more capital. It is proper that the minimum bid for the purchase of stock in the reorganized Debtor at the public auction shall be $15,000.00, with all proceeds of sale going as additional capital to the Debtor Evergreen Hematology & Oncology, P.S.  This amount is substantial and will improve the Debtor's ability to successfully reorganize; and

11.     It is proper that the Plan be confirmed, subject to the following:

Findings of Fact-3

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

a. Notwithstanding any provision of the Plan to the contrary, should Debtor become delinquent in its Plan payments to Class 3 (FDIC) or Class 4 (Columbia Bank), then either Class may provide the Debtor with written notice of such delinquency and demand that the delinquency be cured within 14 days of the service of the Notice on Debtor and its counsel. Should Debtor fail to cure the delinquency, or should either Class serve three such Notices on Debtor during the Plan term, said Class may present an ex parte order granting said Class relief from the automatic stay to pursue all remedies at law against the property of the estate that serves as collateral for the allowed secured claim of said Class.

b. The supply agreement, as amended by the Amendment 4 to the Biomarker Supply Agreement between Evergreen Hematology Oncology and PETNET Solutions, Inc. between Debtor, as buyer, and Class 17 (PetNet), is assumed as set forth in and subject to the terms of the Plan.


///END OF ORDER///


PRESENTED BY:

SOUTHWELL & O'ROURKE, P.S.


BY: s/ Kevin O'Rourke_____
    KEVIN O'ROURKE, WSBA #28912
    Attorneys for Debtor


Findings of Fact-4

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159